UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 23-109-DCR |
| V. | ) ) | |
| TANNER M. ABBOTT, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Tanner Abbott seeks to sever the charges against him into three jury trials. However, the offenses are properly joined in the Superseding Indictment under Rule 8(a) of the Federal Rules of Criminal Procedure and Abbott has failed to demonstrate substantial, compelling, or undue prejudice resulting from their joinder. Accordingly, his motion to sever will be denied.

I.

Abbott has been charged with committing a series of offenses while acting under color of law in his position as a Deputy Sheriff with the Boyle County, Kentucky Sheriff's Office.[1] Count 1 alleges that, on or about April 28, 2021, Abbott willfully deprived an individual identified as "J.C." of his constitutional right to be free from unreasonable force and seizure during arrest when Abbott punched J.C. in the head without legal justification, resulting in bodily injury in violation of 18 U.S.C. § 242. Count 2 of the Indictment alleges that Abbott

---

[1] A Superseding Indictment was returned on December 7, 2023. However, it did not substantively change the charges against Abbott. Instead, it corrected the counties within the Eastern District of Kentucky in which some the events are alleged to have occurred.

- 1 -

committed a similar offense on February 2, 2021, when he punched "W.W." in the head without legal justification, causing bodily injury, also in violation of 18 U.S.C. § 242. Count 3 of the Indictment alleges that Abbott violated 18 U.S.C. § 371 by conspiring with another person to make a false record entry with the intent to impede, obstruct, and influence the investigation and proper administration with respect to the February 2, 2021, incident involving W.W.

Next, Abbott is charged in Count 4 with violating § 242 by violating "B.T.'s" right to be free from unreasonable searches when Abbott illegally searched a hotel room occupied by B.T. on or about March 31, 2021. Count 5 alleges that Abbott knowingly falsified and made a false entry in a record or document with the intent to impede, obstruct, and influence the investigation and proper administration with respect to the March 31, 2021, incident involving B.T. in violation of 18 U.S.C. § 1519.

Count 6 alleges that Abbott violated § 242 on or about March 31, 2021, when he used unreasonable force during an arrest by causing B.T.'s head to forcibly collide with a wall, causing bodily injury to B.T. Finally, Count 7 alleges that on or about January 20, 2021, Abbott violated § 242 when he punched and struck "D.N." and "D.B." without legal justification, resulting in bodily injury to them.

Abbott has filed a motion to sever the counts into three separate trials.[2] Specifically, he contends that the charges should be tried as follows: Count 1; Counts 2, 3, 4, 5, and 6; and Count 7. He essentially seeks separate trials with respect to the alleged conduct involving distinct victims (Counts 1 and 7) and conduct involving other victims that will require the jury

---

[2] Abbott originally sought severance into four trials, but his reply brief adopts the position discussed herein.

to evaluate video evidence and the testimony of unindicted co-conspirator Brandon Hooper (Counts 2, 3, 4, 5, and 6).

## II.

Rule 8(a) of the Federal Rules of Criminal Procedure allows joinder when separate counts "are of the same or similar character, or are based on the same act or transaction, or are connected with constituent parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Abbott argues that the charges were improperly joined because the alleged offenses "arise from separate transactions" and "involve different circumstances." [Record No. 14-1, p. 4] He relies on *United States v. Chavis*, 296 F.3d 450 (2002), in an effort to establish that the charged offenses do not satisfy the requirements of Rule 8(a). Chavis was charged with causing another person to make a false statement to a federally licensed firearms dealer on or about September 13, 1997 (Count 1), and unlawfully possessing cocaine base with the intent to distribute on or about June 9, 1999 (Count 2). The United States Court of Appeals for the Sixth Circuit determined the joinder of the two offenses was improper because there was no evidence that Chavis's possession of cocaine base in June 1999 was part of the same act or transaction as the purchase of the handgun in September 1997 or that the offenses were otherwise connected. *Id.* at 456.

The facts alleged here are distinguishable from those in *Chavis*. Whether joinder is proper under Rule 8(a) is determined based on the allegations on the face of the indictment. *Id.* at 456-57. First, the offenses charged are of the same or similar character. Abbott is charged in Counts 1, 2, 6, and 7 with depriving certain individuals of their right to be free from a law enforcement officer's use of unreasonable force during an arrest in violation of 18 U.S.C. § 242. While Count 4 does not allege excessive force, it is similar to the aforementioned counts

in that it alleges a violation of 18 U.S.C. § 242, this time involving an unreasonable search. Finally, Counts 3 and 5 are logically connected to the remaining charges because they allege that Defendant Abbott (either alone or by conspiring with another law enforcement officer) knowingly falsified records related to the events. Further, in contrast to the events in *Chavis*, which were separated by a span of two years, the allegations in this matter are alleged to have taken place over a period of four months. *See e.g., United States v. Smirnoff*, 382 F. Supp. 3d 1278, 1281 (M.D. Ala. 2019) (concluding that July 2015 and March 2016 incidents were sufficiently similar when they both alleged that the defendant used unreasonable force while arresting handcuffed people).

Abbott urges this Court to rule in his favor after applying test discussed in *United States v. Jawara*, 474 F.3d 565, 577 (9th Cir. 2006), which examines factors such as "temporal proximity, physical location, modes of operation, identity of the victims, likelihood of evidentiary overlap, and the like, to the extent they can be gleaned from the indictment." However, Ninth Circuit authority is not binding on this Court and it does not appear that the Sixth Circuit has adopted such a standard for assessing the propriety of joinder under Rule 8(a). *See United States v. Hatton*, 643 F. App'x 574, 583 (6th Cir. 2016) (conc., in part, J. Donald). But even if the Court applied such a test, Abbott still could not show that joinder under Rule 8(a) was improper, as the acts alleged occurred over a relatively brief time period, in the same the same general physical location, exhibit a similar "mode of operation," and will likely have some evidentiary overlap.

### III.

Even when joinder is proper under Rule 8(a), Rule 14 permits severance if a single trial on all counts would be unduly prejudicial to the defendant or the government. A defendant

suffers prejudice if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each charge. *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982). "To prevail on a request for severance the defendant must show compelling, specific, and actual prejudice." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017).

Abbott contends that trying all of the charges together will prevent him from presenting a "meaningful defense" with respect to each count. For example, with respect to one count, he may concede that force was used, but argue that it was justified. On another count, he may contend that force was not used at all. Abbott also asserts that his defense to Counts 2 through 6 will be unique because it will likely involve impeaching the testimony of Brandon Hooper.

Abbott further contends that any claim at trial that he did not use force on a particular occasion would be severely undermined by his admission that he used justified force on another occasion. [Record No. 14-1, p. 10] However, these defenses are not "mutually antagonistic" such that a jury could not believe both defenses and apply them to the appropriate charges. *See United States v. Zafiro*, 506 U.S. 534, 538 (1993) (noting that mutually antagonistic or irreconcilable defenses may be so prejudicial as to mandate severance in multi-defendant cases).

The resolution of a motion to sever under Rule 14 is left to the sound discretion of the trial court. *See id.* at 541. The defendant is not entitled to separate trials simply because he asserts that each charge will prejudice the jury's consideration of the other—instead he must point to compelling or substantial prejudice that cannot be cured with appropriate limiting instructions. And it is well established in the Sixth Circuit that a jury is presumed capable of compartmentalizing evidence and considering each count separately. *See United States v.*

*Swift*, 809 F.2d 320, 323 (6th Cir. 1987); *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) (observing that "[e]ven where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'") (quoting *Zafiro*, 506 U.S. at 539); *United States v. Cody*, 498 F.3d 582-87-88 (6th Cir. 2007) (noting that the court may "issue a careful limiting instruction to the jury on the issue of possible prejudice resulting from the joinder."). *See also United States v. Smith*, 2008 WL 11425655, at *3 (N.D. Ala. Mar. 24, 2008) (observing that the "reliable judgment" exception applies in "an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess" guilt or innocence).

Abbott further argues that a jury will impermissibly rely on the various charges as evidence of "other bad acts." He cites *United States v. Asher*, 910 F.3d 854 (6th Cir. 2018), which involved evidence admitted under Rule 404(b) of the Federal Rules of Evidence. Asher was a jailor at Kentucky River Regional Jail who stood trial for violating 18 U.S.C. §§ 242 and 1519 by beating inmate Hill and subsequently filing a false report to cover up the incident. The government was permitted to introduce evidence of Asher's participation in a similar assault and cover-up involving a different inmate that occurred approximately two and a half years earlier to prove evidence of his intent when he assaulted Hill. On appeal, the Sixth Circuit determined that this ruling was in error based on the modest probative value of the evidence due to alternative methods of proof (*i.e.*, Asher's willingness to stipulate to intent if the jury found that he assaulted Hill) and the severely prejudicial nature of the evidence. *Id.* at 862-63.

*Asher* is inapposite. First, it involves the application of Rule 404(b) of the Federal Rules of Evidence to evidence of "other acts" instead of joinder of charges or a motion for severance under Rules 8 and 14 of the Rules of Criminal Procedure. *But see Corbett v. Bordenkircher*, 615 F.2d 722, 724 (6th Cir. 1980) (recognizing that "[t]he issue raised by a motion to sever counts for trial is akin to that dealt with under the rules of evidence that have to do with proof of other crimes."). And as the Sixth Circuit explained, the evidentiary value was relatively low because Asher was willing to stipulate to his intent if the jury found that he attacked Hill. Additionally, the "other act" was based on uncharged conduct that occurred over two years prior to the crimes charged.

Abbott argues that the commonality of proof among the claims is minimal, while the likelihood for confusion of the jury and unfair prejudice to him is great. However, the charges are properly joined and Abbott's generalized arguments do not establish that "compelling, specific, and actual prejudice" would result from a failure to sever. *See United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). Juries are presumed capable of considering each count separately and there is no reason to suspect that a jury would not be able to compartmentalize and distinguish the evidence concerning the different offenses charged. *See Chavis*, 296 F.3d at 462. While the Court recognizes that some evidence will be unique to particular charges, there will undoubtedly be extensive overlap, and a single trial best serves the interest of judicial economy.

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the defendant's motion to sever [Record No. 14] is **DENIED**.

- 8 -

Dated: December 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky