UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 23-109-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TANNER M. ABBOTT, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

During testimony presented on this date, Defendant Tanner Abbott sought to offer into evidence recordings of police radio calls he made to dispatch on or about January 20, 2021, during interaction with and subsequent arrest of Destin Newman and Clay Ballard. The recordings are unintelligible to some degree, but Abbott can be heard advising dispatch to send "another unit" and to "send EMS." According to his counsel, Abbott also can be heard telling dispatch that "he has a fighter" or that there is "someone fighting with him," in reference to Newman. The defendant sought to introduce the recordings under Rule 803(1), (2), and (3) of the Federal Rules of Evidence. The undersigned determined that none of the cited exceptions apply and, therefore, the evidence was not admitted.

The statements in question do not constitute excited utterances. Rule 803(2) defines an excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." "To satisfy the exception, a party must show three things. First, there must be an event startling enough to cause nervous excitement. Second, the statement must be made before there is time to

contrive or misrepresent.  And third, the statement must be made while the person is under the stress of the excitement caused by the event." *United States v. Arnold*, 486 F.3d 177, 184 (6th Cir. 2007).  All three inquiries bear on the ultimate question of whether the statement was "the result of reflective thought or whether it was a spontaneous reaction to the exciting event." *Id.*

"Whether events qualify as startling depends upon assessment of their shock value on the declarant." *United States v. Scott*, 69 F. App'x 317, 321-22 (6th Cir. 2003) (cleaned up) (citation omitted).  While police officers undoubtedly can become startled during their apprehension of suspects, there is no indication that occurred here.  The defendant was physically much larger than Newman and Ballard, no weapons were present at the scene, and, importantly, the defendant's voice on the recording appeared extremely calm.

Rule 803(3) provides an exception to the rule against hearsay for statements of the declarant's "[t]hen existing mental, emotional, or physical condition." To be admissible under this exception, the statement must have been contemporaneous with the declarant's experience of the mental, emotional, or physical condition such that the declarant did not have "an opportunity to reflect and possibly fabricate or misrepresent his thoughts." *United States v. LeMaster*, 54 F.3d 1224, 1231 (6th Cir. 1995).  While various conclusions may be reached based on Abbott's statements to dispatch, the statements themselves to not indicate Abbott's then existing mental, emotion, or physical condition.  And counsel failed to provide any developed argument explaining why the statements could come in under this exception.  *See* Rule 803 Advisory Committee Notes (observing that "[e]xception (3) is essentially a specialized application of Exception [paragraph] (1), presented separately to enhance its usefulness and accessibility.")

Finally, Rule 803(1) provides an exception to the rule against hearsay for present sense impressions. This exception concerns statements describing or explaining an event or condition, made while or immediately after the declarant perceived it. Fed. R. Evid. 803(1). Abbott's statements to advising dispatch to send "another unit" and to "send EMS" do not describe or explain an event or condition and, therefore, would not come within this exception.

To the extent Abbott's "fighter" statement might be admissible under Rule 803(1), it is within the Court's discretion to exclude the evidence. The present sense impression exception is grounded on the notion that a person is more likely to speak truthfully before he has time to reflect. *Miller v. Stoval*, 742 F.3d 642, 650 (6th Cir. 2014). The defendant's attorney contends that Abbott informed dispatch that Newman was fighting with him prior to using a "closed empty hand technique" to gain compliance. However, there is insufficient proof in the record indicating when Abbott called dispatch and made this statement relative to his admitted use of force on Newman.

Additionally, the evidence is cumulative, as Abbott testified at trial regarding the details of Newman and Ballard's arrests and his calls to dispatch. The jury saw the body worn camera footage of Detective David Lewis, which demonstrated that multiple law enforcement officers arrived to assist Abbott and that EMS workers came to evaluate Newman and Ballard. No evidence was presented that contradicted Abbott's testimony regarding the fact or content of his calls to dispatch. Accordingly, the recordings of Abbott's calls to dispatch on or about January 20, 2021, were excluded as hearsay.

Dated: March 1, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky