UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 23-109-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 26-048-DCR |
| V. | ) | |
| | ) | |
| TANNER M. ABBOTT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**I.**

Defendant/Movant Tanner Abbott was found guilty by a jury of the following offenses: four counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242 (Counts One, Two, Four and Seven); conspiring to falsify a document in a federal investigation in violation of 18 U.S.C. § 371 (Count Three); and falsifying a document in a federal investigation in violation of 18 U.S.C. § 1519 (Count Five). [Record No. 78] He was acquitted by the jury on one count of deprivation of rights under color of law in violation of 18 U.S.C. § 242 (Count Six). [Record Nos. 78 and 82]

Abbott was later sentenced to 110 months of incarceration, to be followed by three years of supervised release. [Record No. 97] The United States Court of Appeals for the Sixth Circuit later affirmed his conviction. [Record No. 127] Abbott then filed this *pro se* motion seeking to vacate, set aside, or correct his conviction or sentence pursuant to 28 U.S.C. § 2255. [Record No. 132] The motion is pending following full briefing by the parties.

- 1 -

Consistent with local practice, Abbott's motion was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, United States Magistrate Edward B. Atkins recommended that the motion be denied and that no Certificate of Appealability be issued. [Record No. 139]

## II.

Neither party filed timely objections to the R&R. And while the Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also* 28 U.S.C. § 636(b)(1)(C). Nevertheless, the undersigned has examined the record *de novo* and agrees with the Magistrate Judge's recommended disposition.

To prevail, Abbott bears the burden of demonstrating: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). For a non-constitutional error, Abbott must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Further, Abbott bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

## III.

Abbott brings two claims asserting ineffective assistance of counsel. First, he challenges his trial counsel's performance in "failing to investigate, consult, retain, and present a qualified use-of-force and policies-practices expert" witness to testify. [Record No. 132 at 1] He asserts that had the jury heard from a rebuttal expert witness, there is a reasonable probability that the outcome of trial would have been different. *Id.* at 6. Second, Abbott challenges his appellate counsel's performance concerning an alleged lack of communication during the appeal process, which purportedly caused him to miss his window to seek review by the Supreme Court of the United States. *Id.* at 1.

In response, the government insists that Abbott's trial counsel made a strategic choice to cross-examine its witnesses and call three witnesses along with Abbott who testified to the reasonableness of his use of force. [Record No. 135 at 3–4] It further argues that the purported expert from which Abbott obtained an affidavit would have not qualified under Rule 16(b)(1)(C)(iii) of the Federal Rules of Criminal Procedure. *Id.* at 4–6. Regarding appellate counsel's performance, the government contends that the Sixth Amendment's right to counsel does not extend to petitions for certiorari. *Id.* at 7. Finally, it asserts that the issue Abbott wanted appellate counsel to raise (challenging trial counsel's failure to hire an expert) was not cognizable on appeal. *Id.* at 8.

*Strickland* requires that Abbott show deficient performance by counsel *and* that such "performance prejudiced the defense" to succeed on these claims. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Court analyzing the deficient performance prong "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* at 689. Therefore, Abbott must demonstrate that his counsel "made errors so

serious that [counsel was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

Regarding prejudice, Abbott must show that there is a reasonable probability that, absent counsel's errors, the outcome of his proceedings would have been different. *Strickland*, 466 U.S. at 694–95. In assessing prejudice, counsel's errors must be considered against the backdrop of the totality of the evidence in the case because such errors may have had no effect on the outcome of the proceeding. *See United States v. Munoz*, 605 F.3d 359, 377 (6th Cir. 2010).

The undersigned agrees with United States Magistrate Judge Atkins' recommended resolution of Abbott's motion. Contrary to Abbott's insistence, there is no obligation that trial counsel investigate whether to hire an expert to provide the caliber of representation the Sixth Amendment demands when counsel makes a reasonable decision that renders that investigation unnecessary. Indeed, counsel's "'[s]trategic choices made after less than complete investigation'" may nonetheless be reasonable "'to the extent that reasonable professional judgments support the limitations on investigation.'" *Munoz*, 605 F.3d at 376 (quoting *Strickland*, 466 U.S. at 690–91). Stated differently, "'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Id.* at 376–77 (quoting *Strickland*, 466 U.S. at 690–91). Abbott "'must overcome the presumption that, under the circumstances, a challenged action or omission might be considered sound trial strategy'" because a "'heavy measure of deference is afforded to counsel's judgments and strategic decisions. *Id.* (quoting *Strickland*, 466 U.S. at 690–91) (citation modified).

The record clearly demonstrates that Abbott's counsel did not sit idly by during trial, as the government argues. Instead, he vigorously cross examined the government's witnesses and called three witnesses and called Abbott to testify on the reasonableness of the force used. [Record No. 135 at 3–4] But even assuming counsel did not investigate whether to call an expert, that does not mean he skirted his duty to make a reasonable decision by relying on cross examination and calling witnesses instead of investigating an expert. *Strickland* recognizes that counsel may exhibit a broad range of acceptable performance while still being the type of counsel the Sixth Amendment demands.

The defendant's argument seeks to advance a *per se* rule that counsel must investigate whether an expert could help the defense and if so, counsel must call one. However, that is precisely the type of mechanical rule that *Strickland* rejects. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) (citing *Strickland*, 466 U.S. at 689). Instead, the test considers the reasonableness of counsel's decision to cross-examine the government's witnesses and call his own witnesses to challenge its contention that Abbott used unreasonable force.

As applied here, Abbott fails to overcome the presumption that his counsel's strategic choice was reasonable. Nor is there anything "specific to this case which would suggest that counsel was ineffective for failing to call an expert witness." *Johnson v. Rapelje*, No. 17-1230, 2017 WL 8159213, at *3 (6th Cir. Sept. 28, 2017). Therefore, Abbott fails to demonstrate deficient performance.

Likewise, he fails to establish prejudice. Abbott claims that the expert who provided an affidavit (Marcos Olaniel) would have offered the opinion that the force he used during the W.W. incident was objectively reasonable. [Record No. 132 at 6] But other than claim that

his testimony would rebut the government's expert's,[1] Abbott does not show a reasonable probability that had counsel called Olaniel as an expert, the result of his trial would have been different.

For example, Abbott overlooks Officer Braydon Hopper's testimony that he was present during the encounter with W.W. and that W.W. made no aggressive movements toward Abbott before he punched him in the face and busted his lip. [Record No. 86 at 12–13] Further, Abbott fails to acknowledge that the video he took on his cell phone of the encounter did not depict any aggressive advancement on W.W.'s part. *Id.* at 13. In short, he does not demonstrate to a reasonable probability that the outcome of trial would have been different had an expert testified that the amount of force used on W.W. was reasonable considering the ample evidence to the contrary presented during trial.

Abbott's second claim fares no better. He argues that appellate counsel performed deficiently by not apprising him of his appeal denial, rehearing denial, mandate issuance, and deadline for seeking discretionary review by the Supreme Court.[2] [Record No. 137 at 4] And he claims he was prejudiced because this resulted in his inability to seek further review. *Id.* But as the government argues, and the Magistrate Judge makes clear, Abbott had no constitutional right to "the assistance of counsel for the filing of a petition for certiorari" after

---

[1]    *DeBruyn v. Douglas*, 168 F.4th 913, 928 (6th Cir. 2026) (citing *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (noting that *Strickland* "does not enact Newton's third law for the presentation of evidence, requiring for every prosecution expert an equal and opposite expert from the defense")).

[2]    Abbott does not reiterate his argument that appellate counsel was deficient for failing to argue that trial counsel was deficient for failing to call an expert in his reply. [*See* Record No. 137.] Nonetheless, as the government contends, such a claim would not have been cognizable on direct appeal. [Record No. 135 at 8]

the Sixth Circuit affirmed his conviction. *Nichols v. United States*, 563 F.3d 240, 249–50 (6th Cir. 2009) (citations omitted). "[A]nd where there is no constitutional right to counsel, the client's constitutional rights cannot be violated by the allegedly defective performance of his lawyer." *McNeal v. United States*, 54 F.3d 776 (table), 1995 WL 290233, at *2 (6th Cir. 1995). Concerning the general allegation that counsel failed to communicate adequately, Abbott neglects to identify *how* additional communication would have changed the Sixth Circuit's affirmance. This is particularly relevant because his appellate counsel filed a motion for rehearing after the appeal was denied. Abbott fails to show deficient performance or prejudice.

## IV.

An evidentiary hearing with appointed counsel is unwarranted because Abbott's motion, files, and "records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b); [Record No. 132 at 2]. Nor is a new trial appropriate here where the defendant is not entitled to relief. [Record No. 132 at 2] So too for Abbott's request to restore his appellate rights. *Id.*

## V.

Finally, a Certificate of Appealability may issue only where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the movant demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Abbott has not made a "substantial showing" regarding a denial of his constitutional rights. And reasonable jurists would not find this Court's determination on the issues Abbott raises debatable.

## VI.

For the reasons outlined above, it is hereby **ORDERED** as follows:

1.     United States Magistrate Judge Edward B. Atkins' Report and Recommendation [Record No. 139] is **ADOPTED** and **INCORPORATED** in full.

2.     Defendant/Movant Abbott's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record No. 132] is **DENIED**.

3.     Defendant/Movant Abbott's claims are **DISMISSED** with prejudice and **STRICKEN** from the docket.

4.     A Certificate of Appealability will not issue.

Dated: May 27, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky